Richard M. Garbarini
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor,
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOHN EMANUELE,                                    Case No.: 18-cv-4679

                                Plaintiff,        **ECF CASE**

                  v.                              **COMPLAINT AND JURY DEMAND
                                                  FOR DAMAGES FOR COPYRIGHT
ELEVATION CHURCH,                                 INFRINGEMENT**

                                Defendant.
-------------------------------------------------------------x

Plaintiff JOHN EMANUELE, by and through the undersigned counsel, brings this

Complaint and Jury Demand against defendant ELEVATION CHURCH ("ELEVATION") for

damages based on copyright infringement and related claims pursuant to the Copyright Act and

Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and the

Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 ("DMCA").  Plaintiff alleges below,

upon personal knowledge as to himself, and upon information and belief as to other matters so

indicated.

## NATURE OF THE ACTION

1.      Defendant is a megachurch covering the entire nation.  It created and distributed

an advertisement (the "Subject Advertisement"), which synchronizes plaintiff's copyrighted

musical composition *Blorry Morning Glance*, U.S. Registration No. SR 677-965, (the

"Copyrighted Composition") (annexed as **Exhibit 1**), without a synchronization, sound, Composition, or publishing license.

2.      Defendant was expressly told by plaintiff there was no license for the subject use, defendant elected to ignore the notice, and continued distributing the Subject Advertisement. Defendant's election to continue to infringe alone is clearly an intentional infringement of plaintiff's exclusive rights set forth in Section 106 of the Act.

3.      Defendant's infringement satisfies the standards for enhanced damages under Section 504(c) of the Act, and plaintiff has been injured as a result of defendant's actions.

4.      Defendant's abstraction of the Copyrighted Composition, and removal of all identifying information is a violation of the DMCA.

**JURISDICTION**

5.      This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

6.      This Court has *in personam* jurisdiction over the defendant because the defendant has established contacts within this Judicial District, sufficient to permit the exercise of personal jurisdiction.  By publishing infringing audiovisual work on the Internet so it can be used or viewed within this Judicial District in the ordinary course of trade, ELEVATION has additionally conducted business targeted at New York in the ordinary course of trade.

7.      Defendant is a megachurch with seventeen locations.  It has a massive on-line following.  It aims its advertisements at this Judicial District which attracts many New Yorkers to drive down to Charlotte, NC every weekend. See **Exhibit 2**.

8.      Its reach is so great its Pastor, Steven Furtick, has been the subject of articles in the New York local papers.  For instance, one Daily News article questioned the 33 year old pastor's $1.7 million dollar mansion. See **Exhibit 3**.

9.      Pastor, Steven Furtick has speaking engagements in New York City, one scheduled for this October, 2018. See **Exhibit 4**.

10.     Furtick has also appeared on New York radio in an attempt to attract people, and revenue, from this Judicial District. See **Exhibit 5**

11.     CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii)  expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

12.     Defendant synchronized, reproduced, and distributed the Subject Advertisement through websites like YouTube.  This is an intentional tort (copyright infringement) committed without the state.

13.     The copyright owner resides in this Queens, NY, and many of the viewers are in New York City.  As a result, the damage was felt in that Judicial District.

14.     As described above, defendant regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

3

## VENUE

15.     Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) and/or 28 U.S.C. § 1400(a).

16.     Plaintiff has the right to bring the within action pursuant to 17 U.S.C. § 501(b).

17.     Plaintiff's Copyrighted Composition was registered prior to the alleged infringement, and satisfies the registration prerequisite under 17 U.S.C. 412(c). See **Exhibit 1**.

## PARTIES

18.     At all times material hereto, plaintiff John Emanuel ("EMANUEL") was, and is, an individual residing at 75-10 197th Street, Flushing, New York.

19.     Upon information and belief, defendant Elevation Church ("ELEVATION") was, and is, a non-denominational, non-profit ministry with a principal place of business located at 11416 E. Independence Blvd, Suite N, Matthews, NC, 28105.

## FACTS

20.     Plaintiff EMANUELE is the assignee and sole beneficial owner of all rights associated with U.S. Registration No. SR 677-965 which is for the musical composition and sound composition titled *Blurry Morning Glanc.*

21.     Defendant created the Subject Advertisement titled "Weathering the Winter – Times and Seasons – Part 3", and synchronized the Copyrighted Composition to minute 9:01 to 14.46.  Defendant did not have a synchronization, master Composition, or publishing license.

22.     Defendant used the entire Copyrighted Composition.

4

23.     A screenshot of the YouTube advertisement is below.



24.     Had defendant requested a license, it would have been rejected.

25.     The forced association of plaintiff with defendant has damaged the licensing possibilities for plaintiff's most important property.

26.     Defendant also failed to include information which identified the Copyrighted Composition, the author of the Copyrighted Composition, the owner of any right in the Copyrighted Composition, or information about the terms and conditions of use of the Copyrighted Composition.

27.     On or about February 2, 2018, plaintiff discovered the Subject Advertisement which was created by defendant, and synchronizes plaintiff's Copyrighted Composition. Plaintiff informed defendant by email on that same day that there was no license.

28.     Defendant, however, elected to ignore the notice and continue to infringe.

29.     While defendant ignored plaintiff's intellectual property rights, it marks every one of its own web pages "© 2018 Elevation Church. All Rights Reserved"

30.     Weeks later, ELEVATION finally responded.

31.     This falls squarely under the reckless disregard or intentional standard for enhanced damages under Section 504(c) of the Act and violates the Digital Millennium Copyright Act.

32.     Upon information and belief, defendant ELEVATION had the Subject Advertisement created for itself, without a synchronization, sound Composition, or publishing license.  Defendant ELEVATION copied the Copyrighted Composition, and caused it to be distributed to the public on its own YouTube page.

33.     This is clearly intentional or at the very least with reckless disregard of the plaintiff's exclusive rights under the Act.

### FIRST CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT

34.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

35.     It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Composition.

36.     Defendant, without authority from plaintiff, reproduced, synchronized, publicly displayed, and/or publicly distributed a video advertisement embodying plaintiff's Copyrighted Composition.

37.     Defendant refused to stop distributing the Subject Advertisement after notice.

38.     Defendant has intentionally infringed (pursuant to Section 504(c)) plaintiff's exclusive rights set forth in Section 106 of the Act, and elsewhere.

39.     Defendant's use of the Copyrighted Composition was not for criticism, comment, news reporting, teaching, scholarship, or research.

40.     Defendant's use was not transformative.

41.     Defendant elected to reproduce, synchronize, and distribute plaintiff's Copyrighted Composition, using the entirety of the track, without a license.

42.     Defendant has intentionality infringed plaintiff's rights under Section 106 of the Act.

43.     Defendant failed to include information which identified the Copyrighted Composition, the author of the Copyrighted Composition, the owner of any right in the Copyrighted Composition, or information about the terms and conditions of use of the Copyrighted Composition.

44.     As a direct and proximate result of defendant's infringements, plaintiff has incurred damages, and requests an award of defendant's profits, and plaintiff's loss, plus costs, interest, and attorneys' fees.  Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF DMCA

45.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

46.     Section 1202 of the DMCA provides, in part: "(a) no person shall knowingly and with the intent to induce, enable, facilitate or conceal infringement - (1) provide copyright information that is false, or (2) distribute or import for distribution copyright management information that is false. (b) No person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, [or] (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or having

reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.  17 U.S.C. § 1202(a)-(b)."

47.     Copyright management information is defined as: "information which identifies the work, the author of the work, the owner of any right in the work, or information about the terms and conditions of use of the work . . . which is attached to a copy of a work or appears in connection with communication of the work to the public." S.Rep. No. 105-190 (1988), note

48.     Defendant failed to include information which identified the Copyrighted Composition, the author of the Copyrighted Composition, the owner of any right in the Copyrighted Composition, or information about the terms and conditions of use of the Copyrighted Composition.

49.     The defendant violated the DMCA each time it wrongfully distributed the Subject Advertisement.

50.     Defendant also violated section 1202 by, upon information and belief, abstracting the Copyrighted Compositions, removing and/or altering their anti-circumvention software.

51.     Defendant did the forgoing with the intent to conceal the infringement.

52.     Plaintiff elects to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500, or more than $25,000, per violation plus its reasonable costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

   1.     restitution of defendant's unlawful proceeds;

   2.     compensatory damages in an amount to be ascertained at trial;

3.     statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4.     reasonable attorneys' fees and costs (17 U.S.C. § 505);

5.     pre- and post-judgment interest to the extent allowable;

6.     such other and further relief that the Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: August 14, 2018              **GARBARINI FITZGERALD P.C.**
     New York, New York

By: Richard M. Garbarini (RG 5496)